

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

December 22, 1950.

Miss Doris H. Connerly
Acting State Librarian
Texas State Library
Austin, Texas

Opinion No. V-1139.

Re: Fiscal year appro-
priation from which
to pay for microfilm
copies of newspapers
ordered for the State
Library under the sub-
mitted facts.

Dear Miss Connerly:

Your request for an opinion reads as follows:

"For several years, the Texas State Li-
brary has been ordering microfilm copies of
newspapers. These have been contracted for:

   (1)  Back files of newspapers at fixed
        amounts

   (2)  On annual basis so much per foot,
        paid by the year

   (3)  On an annual basis so much per foot,
        paid by the month.

"Attached are photostat copies of letters
which the State Library sends out each year in
advance of renewal orders that are placed by
the fiscal year.

"The Texas State Library is of the opinion
that there is no difference in these annual or-
ders and those placed on an annual basis for
newspapers in print and paid for in advance, and
that the invoices covering microfilm orders can
be paid on the annual basis from funds of the
fiscal year in which they are placed regardless
of whether microfilms are received within the
fiscal year or after the close of the year, and
regardless of whether they are paid by the foot
each month or whether contracted for several
years of back files at a fixed amount.

"On the other hand, it is the opinion
of the Comptroller's Department, Claims
Division, that this is a service charge and

, (1) Back files of newspapers contracted
for must be paid for out of the ap-
propriation of the fiscal year in
which the work was done regardless
of the fiscal year in which the con-
tract was made

(2) Invoices can be paid only in the fis-
cal year in which the work was ac-
tually done when quoted by the foot
and paid by the month for the reason
that they are of the opinion that the
item of cost is a service or labor
charge.

"Your opinion is necessary on account of
the conflicting views of the departments.
Please advise which is right."

You have advised us that the term "on an annual
basis" contained in your request means "on a fiscal year
basis."

Item 15 of the appropriations for the support
and maintenance of the Texas State Library is an appropri-
ation of $25,000 for each fiscal year of the current bien-
nium for "books, subscriptions, memberships, maps, bind-
ing, book repairs, preparation for binding microfilms,
microfilming." (Acts 51st Leg., R.S. 1949, ch. 615, at
pate 1281.)

ɛ          This office has repeatedly held that supplies
intended for use during a certain fiscal year must be pur-
chased from an appropriation for that year and that an ap-
propriation for one fiscal year may not intentionally be
used to purchase supplies which are to be consumed during
a succeeding fiscal year. Att'y Gen. Ops. 0-2380 (1940),
0-6011 (1944), 0-6883 (1945). However, we have recognized
that an exception to this rule exists in the case of so-
called "capital assets" or supplies which from their nature
will not be entirely used or consumed during a brief period
of time, but may be continuously used after the year in
which they were purchased. Att'y Gen. Ops. 0-2631 (1940),
0-6011 (1944).

We quote from Opinion O-2631 as follows:

"The cardinal rule is that money appropriated to a department or institution to be expended for supplies to be used and consumed during a given fiscal year, may not in any event be expended for supplies intended for use and consumption during another fiscal year. As pointed out in our Opinion No. O-2380, our appropriations, while made for two years by the Appropriation Act, are nevertheless specifically for each separate year of the biennium.

"  . . .

"With respect to those supplies, or things which, as you state, might be termed 'a capital asset of the State', the rule is that such supply or fixture may be purchased and paid for out of the appropriation for any year of the biennium for which an appropriation has been made. Fixtures, equipment and supplies whatsoever that do not perish with their use, but which may be continuously used after the year in which they are purchased, are not governed by the identical principles applicable to those supplies which are consumed with their use. Thus, machines, fixtures, books, and the like, are not consumed during the year they are purchased, but they last for many years. Such 'capital assets' of the State may therefore be purchased and paid for out of the appropriation for any year of the biennium for which an appropriation for such article has been made. This is true regardless of the year in which the delivery is made, since the purchase during the proper year amounts to an expenditure or commitment of the appropriation for that year.

"In construing the Appropriation Bill, as in construing any other legislative act, the intent of the Legislature governs. When the Legislature has authorized the purchase of equipment or supplies, which are not consumable by use during the year for which they are authorized to be purchased, it is obvious that the intent is not to provide for the operating expense

of the department for the year during which
the appropriation is available for expendi-
ture, but, on the contrary, to provide for
an addition to the permanent operating facil-
ities of the department or institution.
Since the reason for the rule announced with
respect to the type of expenditure involved
in O-2380 does not exist with reference to
this type of expenditure, the rule, of course,
does not apply."

It was held in Opinion O-6011 that the claim
of a book binder for binding books under authority of a
requisition issued therefor by the State Board of Con-
trol on August 19, 1943, was properly payable from an
appropriation for such purpose for the fiscal year end-
ing August 31, 1943, notwithstanding the actual binding
of the books did not begin until sometime during April,
1944.  It was further held therein that "book bindings"
are "capital assets" within the meaning of that term as
defined in Opinion O-2631, supra.

You have informed us that microfilms of news-
papers do not perish with use but may be continuously
used for many years and will last as long, if not longer,
than newspapers printed on paper made from wood-pulp,
such as is commonly used for printing newspapers. We
think such films may be properly classified as "capital
assets" of the State of Texas.  Therefore, the answers
to your questions are controlled by Att'y Gen. Ops. O-
2631 (1940) and O-6011 (1944).

In view of the foregoing, it is our opinion
that the cost of microfilms of newspapers in each of the
three instances stated in your request is chargeable to
and payable from the appropriation contained in Item 15,
supra, for the fiscal year in which the constracts for
such films were made, regardless of the fiscal year in
which the delivery thereof is made.

### SUMMARY

Where the Texas Library and Historical
Commission entered into a contract for the
purchase of microfilms of newspapers for the
Texas State Library, the cost of such micro-
films may be paid from the appropriations to
the Commission for such purpose for the fis-
cal year in which such contract was entered

into, notwithstanding delivery of the micro-
films is not made until after the expiration
of that year.

APPROVED:                          Very truly yours,

C. K. Richards                     PRICE DANIEL
Trial & Appellate Division         Attorney General of Texas

Everett Hutchinson
Executive Assistant

By
Charles D. Mathews                 Bruce W. Bryant
First Assistant                    Assistant

BWB:wb